IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER BRANCH,

    Petitioner,

v.                                                                              Civ. No. 17-761 MV/GBW

STATE OF NEW MEXICO, *et al.*,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1*. Having reviewed the petition and Respondents' answer (*doc. 11*), I find that the claims raised do not justify habeas relief. I therefore RECOMMEND that the Court DENY Petitioner's application and DISMISS his claims with prejudice.

**I.**     **BACKGROUND OF PROCEEDINGS**

Mr. Branch was convicted in state court on July 14, 2008, of the following offenses: murder in the first degree, aggravated battery against a household member, aggravated assault against a household member, aggravated assault, and aggravated fleeing a law enforcement officer. *See doc. 11-1* at 1–2, Exhibit A. He was sentenced at that time to life for first-degree murder, three years for aggravated battery against a household member, and eighteen months each for the offenses of aggravated assault

against a household member, aggravated assault, and aggravated fleeing. *Id*. at 2. In addition, due to his prior convictions, the sentences for aggravated battery against a household member, aggravated assault against a household member, aggravated assault, and aggravated fleeing were enhanced by four years each. *Id*. at 3. Mr. Branch's convictions were upheld by the New Mexico Supreme Court on direct appeal. *See doc. 11-1* at 112–29, Exhibit J; *doc. 11-2* at 25, Exhibit L (denying motion for rehearing).

On June 13, 2011, Mr. Branch filed a petition for habeas corpus in the First Judicial District of New Mexico. *Doc. 11-2* at 27, Exhibit N. This petition was denied in the First Judicial Court on December 18, 2014. *Doc. 11-2* at 60, Exhibit T. However, upon Mr. Branch's petition for certiorari review, the New Mexico Supreme Court ordered the State of New Mexico to respond on the issue of

> whether Petitioner's double jeopardy rights were violated when he was convicted of first-degree murder under a general verdict that included a theory of felony murder, without vacating the conviction of any offense that could have served as the predicate felony.

*Doc. 11-2* at 77 – 78, Exhibit V. In its response, the State conceded that the predicate felonies of aggravated battery against a household member, aggravated assault against a household member, and aggravated assault should be vacated to avoid violating Mr. Branch's rights under the Double Jeopardy Clause. *See doc. 11-2* at 84, Exhibit W. The

State therefore requested a limited remand for the entry of an amended judgment and sentence. *Id*. at 85.[1]

On July 29, 2015, the New Mexico Supreme Court granted Mr. Branch's petition and remanded to the First Judicial District Court for entry of an amended judgment and sentence, vacating Mr. Branch's convictions on counts II, III, and IV. *Doc. 11-2* at 115–16, Exhibit Z; *doc. 11-2* at 117, Exhibit AA. The First Judicial District Court subsequently entered an Amended Judgment and Sentence on December 8, 2015, reducing Mr. Branch's convictions to murder in the first degree and aggravated fleeing a law enforcement officer. *Doc. 11-3* at 1–2, Exhibit BB. The amended order sentenced Mr. Branch to life for first-degree murder, and eighteen months plus a four-year habitual offender enhancement for aggravated fleeing. *Id*. at 2–3.

On December 23, 2015, Mr. Branch filed another petition for writ of habeas corpus in state court, this time proceeding *pro se*. *Doc. 11-3* at 5, Exhibit CC. Relevant to the petition now before this Court, he requested relief on the specific bases, *inter alia*, of double jeopardy and admission of his prior felony convictions at trial. *Id*. at 8. The First Judicial Court denied his petition on May 26, 2016, *doc. 11-3* at 28, Exhibit EE, and the New Mexico Supreme Court denied certiorari review on July 24, 2017, *doc. 11-3* at 133, Exhibit GG.

---

[1] Meanwhile, Mr. Branch filed a petition for writ of habeas corpus in this Court on July 9, 2015. *See Branch v. State of New Mexico*, No. 15-cv-598 MV/SMV. In light of the ongoing state court proceedings, the case was voluntarily dismissed without prejudice on December 3, 2015.

Mr. Branch then filed the instant petition for writ of habeas corpus in this Court on July 24, 2017. *Doc. 1*. In response to the Court's Order to Cure Defects (*doc. 2*), he completed an amended petition in the correct form. *Doc. 4*. Respondents timely filed their answer, per the Court's order, on March 26, 2019. *Doc. 11*. Mr. Branch's application is now before the Court.

## II.    CURRENT PETITION

Facially, the instant application for writ of habeas corpus raises four grounds for relief. *Doc. 4*. In their answer, however, Respondents construe Mr. Branch's petition as raising only two issues: double jeopardy and admission of prior convictions. *Doc. 11* at 3–4. The Court must therefore determine the actual nature and number of the grounds for relief alleged. Mr. Branch's amended petition asserts the following:

> Ground One: Double Jeopardy. My murder was upheld after my predicate felonies which may have served in the conviction of felony murder were dismissed[.]
>
> Ground Two: Predicate Offense to Felony Murder. Predicate offenses may have served in the conviction of felony 1st degree murder[.]
>
> Ground Three: Harmless Error Analysis. My prior convictions were raised illegally which is now automatically nothing to do with my present case[.]
>
> Ground Four: Double Jeopardy. My murder is being upheld after the predicate felonies to felony murder were dismissed which I was never fairly tried or convicted as if these predicate felonies were dismissed I was never awarded a fair trial cause the predicate felonies dismissed could have been used in the conviction of my murder.

*Doc. 4* at 5–10.

Respondents would subsume Grounds One, Two, and Four into a single double jeopardy claim. *See doc. 11* at 3 (characterizing Mr. Branch as "arguing that…he has been subjected to double jeopardy because his first-degree murder conviction was upheld while convictions for the predicate felonies were vacated (Grounds 1, 2, and 4)"). The undersigned agrees that Grounds One, Two, and Four are closely related. However, Mr. Branch chose not to characterize Ground Two ("Predicate Offense to Felony Murder") as a double jeopardy claim, indicating that he may have intended to raise a different legal issue. Therefore, the undersigned treats Ground Two as a potentially separate ground for relief. Because Grounds One and Four appear to be functionally identical, they will be addressed simultaneously under the heading of double jeopardy.

### III. APPLICABILITY OF § 2254(D)

Mr. Branch petitions the Court for relief under 28 U.S.C. § 2254, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because § 2254(d) applies more stringent requirements to claims previously adjudicated on the merits in state court, "it is important whether a federal claim was 'adjudicated on the merits in State court.'" *Johnson v. Williams*, 586 U.S. 289, 292 (2013) (quoting § 2254(d)).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the

5

contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011) (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)). Even when a state court "rejects a federal claim without expressly addressing that claim," the federal district court "must presume that the federal claim was adjudicated on the merits" in evaluating a habeas petition. *Johnson*, 568 U.S. at 301.

In Mr. Branch's case, there is no need for such a presumption because the state court addressed his claims expressly. His claim regarding the admission of prior conviction evidence was first addressed by the New Mexico Supreme Court on direct appeal, where the court engaged in a thorough analysis of the issue and found that admission of this evidence was improper, but ultimately constituted harmless error. *See doc. 11-1* at 118–124, Exhibit J. Petitioner's prior conviction evidence claim was addressed once again in the context of his state habeas petition. In its Procedural Order on Petition for Writ of Habeas Corpus, the First Judicial Court summarily dismissed both of the cognizable claims now presented by Petitioner, explaining in relevant part:

> The [New Mexico Supreme Court] addressed the admission of Petitioner's prior robbery conviction. The Court found error in the admission of the prior conviction, but also determined that the error was harmless.
>
> On Petition for Certiorari, the New Mexico Supreme Court vacated his felony convictions in three counts. In Ground for Relief B, petitioner argues that his double jeopardy rights were violated because the felonies that were the basis for felony murder were vacated, and that should have vacated the felony murder charge too. However, the felony convictions were the predicate felonies for the felony murder, and vacating these felonies protected Petitioner's rights guaranteed by the double jeopardy clause. The felonies were subsumed in the felony murder count, it does not affect the first degree murder conviction.

*Doc. 11-3* at 29, Exhibit EE (internal citations omitted).

6

Even where a state court "summarily rejects without discussion" all of a defendant's claims, the federal habeas court on review must presume adjudication on the merits. *Johnson*, 568 U.S. at 293 (citing *Harrington*, 562 U.S. at 86). In this case, however, the state court provided detailed explanations of its reasoning that demonstrated its consideration of Petitioner's federal constitutional claims.[2] Therefore, I find that Petitioner's claims were adjudicated on the merits in state court,[3] triggering the application of § 2254(d).

IV.   ANALYSIS OF PETITIONER'S CLAIMS

A. **Legal Framework**

Because Petitioner's claims were adjudicated on the merits in state court, the applicable standard of review is found in 28 U.S.C. § 2254(d). Section 2254(d) reads:

---

[2] To the extent that Ground Two of Mr. Branch's petition rests on a theory of double jeopardy, it was adjudicated on the merits in state court as described above. To the extent that it rests on some other legal theory, its basis is insufficiently clear and it is subject to dismissal regardless of its prior adjudication in state court. *See* Section IV(C), *supra*.

[3] Section 2254 also requires exhaustion of all state court remedies before the federal court will consider the petition. 28 U.S.C. § 2254(b). Respondents do not dispute that Petitioner has exhausted his claims. *See doc. 11* at 4. Petitioner appealed his conviction directly to the New Mexico Supreme Court, and then pursued both of the cognizable claims now presented through state habeas review. The New Mexico Supreme Court denied certiorari on his habeas petition on July 24, 2017. *Doc. 11-3* at 133, Exhibit GG. Therefore, the undersigned agrees with Respondents that Petitioner has pursued all available state court remedies and exhausted his claims as to Grounds One, Three and Four. To the extent that Ground Two of Mr. Branch's petition rests on a theory other than double jeopardy, it would not be exhausted. When a petition is mixed, the Court has four options: it can "(1) dismiss the mixed petition in its entirety . . .; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted). Because Ground Two (as with Grounds One, Three and Four) lacks any merit, I recommend ignoring the exhaustion requirement and denying the Petition in its entirety.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* Mr. Branch does not allege that the state court made an unreasonable determination of the facts. *See generally doc. 4.* Rather, he argues that the state court: (1) incorrectly applied the double jeopardy standard in declining to vacate his murder conviction, (2) incorrectly allowed the vacated predicate offenses to serve as a basis for his murder conviction, and (3) incorrectly concluded that the improper introduction of prior conviction evidence at trial was harmless error. *See id.* at 5–10. As these alleged errors are legal in nature, the Court must look to § 2254(d)(1) to evaluate his claims.

By the express terms of the statute, "clearly established Federal law" comprises only decisions of the United States Supreme Court. The Supreme Court has clarified that "'clearly established Federal law' for purposes of § 2254(d)(1) includes only 'the holdings, as opposed to the dicta, of this Court's decisions.'" *Woodall*, 572 U.S. at 419 (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012)). In order to be clearly established, the applicable legal rule must be "beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "[O]nly the most serious misapplications of Supreme Court

8

precedent will be a basis for relief under § 2254." *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)).

The federal habeas court may grant relief where the state court decision was either "contrary to" or "involved an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d). These two clauses of § 2254(d)(1) have independent meaning. *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000)). A state court's decision is "contrary to" clearly established federal law if it either (a) "applies a rule that contradicts the governing law set forth in Supreme Court cases" or (b) "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *House*, 527 F.3d at 1018 (internal quotation and citation omitted) (alteration in original).

An "unreasonable application" of federal law occurs where the state court identifies the correct rule, but applies it unreasonably to the facts of the case. *See Bell*, 535 U.S. at 694. In order to support relief under § 2254(d), the state court's application of federal law must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003)). The federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Renico v.*

9

*Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams*, 529 U.S. at 411). Consequently, if the federal habeas court is satisfied that the state court's decision was not wrong "beyond any possibility for fairminded disagreement," it need not actually decide the issue of federal law. *See Woodall*, 527 U.S. at 420–21 (quoting *Harrington*, 562 U.S. at 103).

A state court's unreasonable failure to extend clearly established precedent does not constitute error for which the federal habeas court may grant relief. *Woodall*, 572 U.S. at 426 (declining to apply the "unreasonable-refusal-to-extend" rule). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error." *Id*. The "unreasonable application" standard of § 2254(d) is therefore, as the Supreme Court has observed, "difficult to meet." *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013).

### B. <u>Double Jeopardy</u>

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that "no person shall…be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V. Relevant to Mr. Branch's petition, it protects criminal defendants against "multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 728 (1998) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)).

Grounds One and Four (and possibly Ground Two) of Mr. Branch's petition appear to be based on a theory that, because several of his felony convictions were vacated on double jeopardy grounds, his first-degree murder conviction should have been vacated likewise. *See doc. 4* at 6, 10. For the reasons explained below, this position is incorrect.

The issue of double jeopardy first arose in Mr. Branch's case because he was convicted of murder in the first degree under N.M. Stat. § 30-2-1(A) (1978), which provides:

> Murder in the first degree is the killing of one human being by another without lawful justification or excuse, by any of the means with which death may be caused:
>
> (1) by any kind of willful, deliberate, and premeditated killing;
> (2) *in the commission of or attempt to commit any felony*; or
> (3) by any act greatly dangerous to the lives of others, indicating a depraved mind regardless of human life.

*Id*. (emphasis added). Notably, a conviction for first-degree murder under this statute may be, but is not necessarily, based on a theory of felony murder. *Id*. at § 30-2-1(A)(2). In Mr. Branch's case, the jury did not indicate whether or not the conviction was based on a felony-murder theory. *See doc. 11-2* at 82, Exhibit W.

On state habeas review, therefore, the State conceded that Mr. Branch's first-degree murder conviction *might* have been based on a felony-murder theory, with the convictions for aggravated battery, aggravated assault against a household member, and aggravated assault serving as predicate felonies. *Doc. 11-2* at 84, Exhibit W.

11

Because it determined that separate convictions for both felony murder and the predicate felonies would violate the prohibition on double jeopardy, the State recommended a limited remand to vacate the convictions of the possible predicate felonies. *Id*. at 85–86. *See also Missouri v. Hunter*, 459 U.S. 359 (1983) (double jeopardy is implicated where the legislature did not intend to allow cumulative punishment for two convictions that are based on the same conduct). The New Mexico Supreme Court remanded, *doc. 11-2* at 117, Exhibit AA, and the First Judicial District Court entered an Amended Judgment and Sentence reducing Mr. Branch's convictions to murder in the first degree and aggravated fleeing a law enforcement officer, *doc. 11-3* at 1–2, Exhibit BB.

Neither party questions the New Mexico state court's determination that Mr. Branch's now-vacated felony convictions violated the Double Jeopardy Clause. *See generally docs. 4*, *11*. However, any constitutional error was effectively cured by the amended judgment. Where a defendant is improperly convicted of both felony murder and the underlying felonies, the state court may remedy its double jeopardy error by vacating the underlying felony convictions and leaving the felony murder conviction in place. *Jones v. Thomas*, 491 U.S. 376, 385 (1989) (state court properly altered the petitioner's sentence to a single term for felony murder, vacating the lesser felony conviction). *See also Wood v. Milyard*, 721 F.3d 1190, 1197 (10th Cir. 2013) ("Because vacating either murder conviction will suffice to remedy [the petitioner's] double

jeopardy complaint, the most equitable result in this case would be one that permits the elimination of his lesser, second degree murder conviction—or at least permits the Colorado courts that tried him to choose which conviction will go.").

Directly applicable Supreme Court precedent, *see Jones*, 491 U.S. at 385, establishes that the New Mexico Supreme Court's remedy for any potential double jeopardy error in Mr. Branch's sentencing was the correct one. The fact that the vacated predicate felonies "could have been used" in the determination of Mr. Branch's murder conviction, *doc. 4* at 10, does not affect this result. The state court vacated these convictions not because they were improper in themselves, but because they provided for potentially duplicate sentences on top of Mr. Branch's conviction for first-degree murder. The undersigned therefore finds no double jeopardy error in the state court's refusal to vacate Mr. Branch's first-degree murder conviction.

C. **"Predicate Felonies"**

As his second ground for habeas relief, Mr. Branch cites "Predicate Offense to Felony Murder." *Doc. 4* at 7. The exact nature of his claim, however, is uncertain at best. Mr. Branch argues that "[p]redicate offenses may have served in the conviction of felony 1st degree murder," but does not specify what made consideration of those predicate offenses improper. *Id*.

If, as Respondents assume, Ground Two is merely a duplicate of Mr. Branch's double jeopardy claims, then the possible contribution of the vacated felony convictions

13

to Mr. Branch's murder conviction was not improper for the reasons described above. *See* Section IV(B), *infra*. Indeed, the language of Ground Two ("Predicate offenses may have served in the conviction of felony 1st degree murder") certainly mirrors the language used in Ground One ("Vacated predicate offenses which may have served in the conviction of felony murder"), which is expressly a claim of double jeopardy. *See doc. 4* at 6, 7. To the extent that Ground Two is a double jeopardy claim, therefore, it should be dismissed.

To the extent that Mr. Branch was attempting to raise an issue unrelated to double jeopardy, the lack of any "factual support or legal argument" alternatively merits dismissal. *See King v. Parker*, 443 F. App'x 369, 372 (10th Cir. 2011) (unpublished) (district court did not err in dismissing petitioner's claims for failure to include "any factual support or legal argument"). While the Court is to "liberally construe" Mr. Branch's *pro se* petition, it is "not required to fashion" Mr. Branch's arguments for him. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Because nothing in Mr. Branch's petition renders Ground Two sufficiently coherent even to be liberally construed, *see generally doc. 4*, any further guess at the legal basis for Ground Two would require the Court to invent a legal argument for him. The burden was on Mr. Branch, even proceeding *pro se*, to "specify all grounds for relief" in his petition and "state the facts supporting each ground." Rule

2(c)(1)–(2), Rules Governing Section 2254 Cases. He failed to do so. Therefore, I recommend dismissal of Ground Two.

D. **Prior Conviction Evidence**

Lastly, Mr. Branch argues in Ground Three of his petition that his prior convictions were improperly raised during his trial, and that this error was not harmless. *See doc. 4* at 8–9.

Mr. Branch is correct in stating that evidence of his prior convictions was improperly introduced at trial. On direct appeal, the New Mexico Supreme Court found that the admission of Mr. Branch's prior robbery conviction violated the New Mexico Rules of Evidence, but that the error was harmless in light of the overwhelming evidence supporting Mr. Branch's convictions. *See doc. 11-1* at 118–24, Exhibit J ("[W]e conclude that there was no reasonable probability that the admission of evidence of the robbery conviction affected the verdict, and thus the district court's error in admitting it was harmless.").

The undersigned accepts the New Mexico Supreme Court's determination that admission of the prior conviction evidence was contrary to Rule 11-404(B) of the New Mexico Rules of Evidence. *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998) (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)) ("we afford deference to the state court's construction of state law"). However, in order for Mr. Branch's petition to succeed under § 2254(d), he must establish a violation of federal law; violations merely

of state law will not suffice.  *See* 28 U.S.C. § 2254(a).  Generally, "[t]he states are free to provide such procedures as they choose, including rules of evidence, provided that none of them infringes a guarantee in the Federal Constitution." *Burgett v. Texas*, 389 U.S. 109, 113–14 (1967).  The question before this Court, therefore, is whether the admission of Mr. Branch's prior conviction evidence, contrary to the New Mexico Rules of Evidence, implicated any rights under federal law.

The introduction of improper propensity evidence alone does not implicate any specific constitutional rights.  *See United States v. Birch*, 39 F.3d 1089, 1094 (10th Cir. 1994) (treating erroneous admission of prior conviction evidence as "non-constitutional error").  Where "no particular constitutional guarantees are implicated…evidentiary objections merely raise questions of state law and, therefore, are cognizable on habeas only if the alleged error was 'so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002) (quoting *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000)).  *See also United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir. 1990) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)) ("A non-constitutional error is harmless unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such effect.").  In other words, the New Mexico trial court's admission of Mr. Branch's prior robbery conviction would only rise to the level of a

constitutional violation if it had such a substantial effect that it rendered his trial fundamentally unfair.

To determine whether non-constitutional error rendered a trial fundamentally unfair, the court must "examin[e] the context, timing, and use of the erroneously admitted [or excluded] evidence at trial and how it compares to properly admitted evidence." *United States v. Roach*, 896 F.3d 1185, 1195 (10th Cir. 2018) (quoting *United States v. Kupfer*, 797 F.3d 1233, 1243 (10th Cir. 2015)). The New Mexico Supreme Court cited the following reasons for its finding that the erroneous admission of Mr. Branch's robbery conviction was harmless error: (1) the detailed testimony of one of the victims about how Mr. Branch ran over both her and the deceased victim with his truck, and (2) the detailed, corroborating testimony of three eyewitnesses. *Doc. 11-1* at 123, Exhibit J. Based on the "disproportionate volume of admissible evidence and the lone piece of inadmissible evidence," the New Mexico Supreme Court determined that the error had no reasonable probability of influencing the outcome and was therefore harmless. *Id*. at 123–24.

The undersigned finds no constitutional error in the state court's treatment of Mr. Branch's claim. Upon *de novo* review, it appears implausible that evidence of Mr. Branch's prior conviction had a "substantial influence" on the outcome of the trial, so as to render it fundamentally unfair. Moreover, even if Mr. Branch could demonstrate that the state court had erred in its decision—and even if that error were of constitutional

17

dimension—he would still need to show under § 2254(d) that the state court's decision was either in direct contravention of Supreme Court precedent, *House*, 527 F.3d at 1018, or *unreasonably* wrong in its application of such precedent, *Woodall*, 572 U.S. at 419. Because Mr. Branch comes nowhere near to meeting this standard, I recommend dismissal of the claim.

V.     CONCLUSION

In light of the foregoing, I RECOMMEND that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (*doc. 4*) be DISMISSED WITH PREJUDICE.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**